Zoilo Feliú, Plaintiff and Appellant, *v.* Independence Indemnity Co., Defendant and Appellee.

No. 5367. Argued March 19, 1931.—Decided March 17, 1932.

·*Juan B. Soto* for appellant. *Besosa & Besosa* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

·Zoilo Feliú sued the Independence Indemnity Company ·for damages by reason of a collision, for which risk he claimed to be insured under a policy issued by the defendant. The case went to trial and the court, after hearing the evidence of the plaintiff, sustained a motion for nonsuit.

No one questions in this case, in accordance with the decision in *Calcerrada* v. *American Railroad Co.*, 35 P.R.R. 801, ·that it is not the duty of the court to weigh the evidence but

as a general rule merely to decide whether there is sufficient proof to support the complaint. Some decisions question whether a court on such a motion might not disregard certain evidence that was trivial or which it did not believe, but this question is not involved in this appeal.

The court very properly held that notice of the accident might be given within a reasonable time although the policy said immediately. This is the tendency of various decisions of this Court where the delivery of goods was involved. *The G. H. Hammond Co.* v. *D. Agüeros & Co., Ltd.,* 30 P.R.R. 567; *Topeka F. Mills Co.* v. *La Constancia,* 39 P.R.R. 561.

Zoilo Feliú was trading as Zoilo Feliú & Co. The policy in this case was issued in the name of Zoilo Feliú & Co. Hence the court decided that the complaint had not been proved. We agree with the court that an action can only be brought in the name of the person really interested under a policy. The court seemed to have the idea, and this perhaps is a matter most insisted upon by the appellee, that if Zoilo Feliú was trading as Zoilo Feliú & Co. he should have notified the insurance company of this fact. However, we are strongly convinced that the words Zoilo Feliú & Co. may describe a corporation, a limited partnership, a general co-partnership (*compañía colectiva*) or even an individual. The principle is thus expressed under the title "Names" in 45 C. J. 376, section 12:

"Whether a name is the real one of the individual using it or is a fictitious or assumed one is ordinarily a question of fact. Without abandoning his real name, a person may, in the absence of statutory prohibition, adopt any name, style, or signature, wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue or be sued, unless he does so in order to defraud others through mistake of identity, it being the identity of the individual that is regarded, and not the name that he may bear or assume. Such assumed or fictitious name may be either a purely artificial name, or a name that is or may be applied to natural persons; and the fact that it is the name of a living person does not make an instrument executed in such name the in-

strument of the person whose name is assumed. Contracts entered into by such name are valid and binding, if unaffected by fraud, and their validity as to third persons does not depend upon whether the party is as well known by the assumed name as by his true name, but upon whether as to the particular transaction, the name is used in good faith by the party adopting it as a descriptio personae . . . . It has been held that a person may sue and be sued in his real name upon a contract made in his assumed name, without alleging or proving a transfer.''

In *Romano* v. *Concordia Fire Ins. Co.*, 106 App. Div. 876, it was held that an insurance policy was not void because the name of the insured was not properly stated therein. See also 47 C.J. 716, sec. 113; and *Quiñones* v. *Porto Rico Biscuit Co.*, *ante*, p. 132, decided February 26, 1932.

What apparently happened in this case was that the plaintiff asked that the insurance policy be issued in the name of Zoilo Feliú & Co. The company so issued the policy without making any further inquiry. It probably never occurred to the assured that he was bound to say that he was trading as Zoilo Feliú & Co., and the insurance company did not inquire. An individual is free, as indicated, to trade under any name he made desire and he is not giving a false description of himself if he uses his trade name. The decisions say it is merely a matter of identity.

There was some question at the trial as to whether the accident or collision had been proved. We agree with the appellant that the answer admitted the accident. There was no sufficient denial of the averment of a collision. The averment that the accident was not casual became a matter of defense. None of these things was decided to the contrary by the court.

We are not so sure that the court actually said that the evidence of Zoilo Feliú was not sufficient to prove that he and Zoilo Feliú & Co. were the same person. Evidently, such a holding would have been a mistake, as the plaintiff was a competent witness to prove the identity of names.

We have some doubt on another point, namely, whether the plaintiff was entitled to recover, inasmuch as the policy

presented in evidence contained an endorsement that said: "Any claim under this policy shall be payable to Sucrs. de L. Villamil & Co., for a mortgage credit on the truck insured," and signed Z. Feliú & Co. and Zoilo Feliú.

On one point, under decisions of this Court, we have no doubt that even if the policy was assigned and the truck mortgaged, Zoilo Feliú continued to be the owner of the latter. *Montalvo* v. *Valdivieso*, 38 P.R.R. 487; *De Gracia* v. *Guardiola*, 38 P.R.R. 513. The doubt we have consists in whether the insurance company was not entitled to a notice at least of the existence of this endorsement. This is a question which we do not propose to decide in this appeal. The policy was introduced in evidence with this endorsement but it was not proved at the trial that Sucrs. de L. Villamil & Co. had any existing interest. Various possibilities exist. The endorsement may have been made on the policy and never have taken effect. There are perhaps other possibilities. We hold that the mere endorsement was not a sufficient bit of evidence to prove that Zoilo Feliú was not the sole owner at the time of the issuance of the policy inasmuch as he was in possession of the policy. Such a question ought not to be decided on a motion of nonsuit unless it is clear that Sucrs. de L. Villamil & Co. had a real interest at the time of the issuance of the policy. Likewise we have some doubt whether the failure to notify the insurer of the endorsement was in itself sufficient to avoid the policy absolutely.

The judgment should be reversed and the case sent back for proceedings not inconsistent with this opinion.